1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   DUANE BERRYHILL,                    No. 2:23-cv-00315 WBS AC

13              Plaintiff,

14        v.                             ORDER RE: PLAINTIFF'S MOTION
                                         TO REMAND
15   COSTCO WHOLESALE CORPORATION,
     ALEXIS FONG, and DOES 1 to 20,
16   inclusive,

17              Defendants.

18

19                          ----oo0oo----

20        Plaintiff Duane Berryhill initiated this premises

21   liability action against defendants Costco Wholesale Corporation

22   and Alexis Fong (a Costco store manager) for injuries resulting

23   from a slip-and-fall incident at a Costco store.  (See Compl.

24   (Docket No. 1-1).)  Defendants removed the action to this court

25   from the San Joaquin County Superior Court based on diversity.

26   (Docket No. 1.)

27        Plaintiff now moves to remand, arguing that removal is

28   improper because complete diversity does not exist.  (Mot.

                                 1

1   (Docket No. 5).)   Defendant contends that defendant Fong was

2   fraudulently joined to defeat diversity.   (Opp'n (Docket No. 6).)

3   I.   Fraudulent Joinder

4           "Under 28 U.S.C. § 1441, a defendant may remove an

5   action filed in state court to federal court if the federal court

6   would have original subject matter jurisdiction over the action."

7   Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th

8   Cir. 2009).   There is a "strong presumption" against exercising

9   removal jurisdiction, and "[f]ederal jurisdiction must be

10  rejected if there is any doubt as to the right of removal in the

11  first instance."   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

12  Cir. 1992) (internal citations omitted).

13          Federal courts have original jurisdiction over cases

14  where complete diversity exists between the parties and the

15  amount in controversy exceeds $75,000, exclusive of interest and

16  costs.   28 U.S.C. § 1332(a).   Complete diversity exists where

17  each plaintiff is a citizen of a different state than each

18  defendant.   Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067

19  (9th Cir. 2001).

20          "In determining whether there is complete diversity,

21  district courts may disregard the citizenship of a non-diverse

22  defendant who has been fraudulently joined."   Grancare, LLC v.

23  Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake &

24  Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).   "A

25  defendant invoking federal court diversity jurisdiction on the

26  basis of fraudulent joinder bears a 'heavy burden' since there is

27  a 'general presumption against finding fraudulent joinder.'"

28  Grancare, 889 F.3d at 548 (quoting Hunter v. Philip Morris USA,

2

1  582 F.3d 1039, 1046 (9th Cir. 2009)).

2          "There are two ways to establish fraudulent joinder:
3  (1) actual fraud in the pleading of jurisdictional facts, or (2)
4  inability of the plaintiff to establish a cause of action against
5  the non-diverse party in state court." Id. (internal quotation
6  marks omitted).  "Fraudulent joinder is established the second
7  way if a defendant shows that an 'individual joined in the action
8  cannot be liable on any theory.'" Id. (quoting Ritchey v. Upjohn
9  Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)) (alteration
10  adopted).  This requires "extraordinarily strong evidence or
11  arguments that a plaintiff could not possibly prevail on her
12  claims against the allegedly fraudulently joined defendant." Id.

13          "[T]he test for fraudulent joinder and for failure to
14  state a claim under Rule 12(b)(6) are not equivalent.  A claim
15  against a defendant may fail under Rule 12(b)(6), but that
16  defendant has not necessarily been fraudulently joined." Id. at
17  549.  Rather, the standard for fraudulent joinder is akin to the
18  "wholly insubstantial and frivolous" standard for dismissing
19  claims under Rule 12(b)(1) for lack of federal question
20  jurisdiction. Id.  "[I]f there is a possibility that a state
21  court would find that the complaint states a cause of action
22  against any of the resident defendants, the federal court must
23  find that the joinder was proper and remand the case to the state
24  court." Id. (citing Hunter, 582 F.3d at 1046) (emphasis in
25  original).  Put another way, "[r]emand must be granted unless the
26  defendant shows that the plaintiff 'would not be afforded leave
27  to amend his complaint to cure the purported deficiency.'"
28  Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170

1   (E.D. Cal. 2011) (Wanger, J.) (quoting <u>Burris v. AT & T Wireless,</u>

2   <u>Inc.</u>, No. 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. 2006)).

3          In analyzing fraudulent joinder, a court may look

4   beyond the pleadings and conduct a "summary inquiry . . . to

5   identify the presence of discrete and undisputed facts that would

6   preclude plaintiff's recovery against the in-state defendant."

7   <u>Allen v. Boeing Co.</u>, 784 F.3d 625, 634 (9th Cir. 2015) (citing

8   <u>Hunter</u>, 582 F.3d at 1044) (internal quotation marks omitted).

9          There is no dispute that plaintiff and defendant Fong

10  are both citizens of California and thus lack diversity.

11  Defendant Costco is a citizen of Washington.  (<u>See</u> Decl. of

12  Nathaniel L. Dunn (Docket No. 2) ¶ 8.)  Accordingly, removal is

13  appropriate only if defendant Fong was fraudulently joined.

14         Plaintiff alleges that defendant Fong is responsible

15  for his injuries under a theory of premises liability.  The

16  elements of a premises liability claim are "a legal duty of care,

17  breach of that duty, and proximate cause resulting in injury."

18  <u>Kesner v. Super. Ct.</u>, 1 Cal. 5th 1132, 1158 (Cal. 2016).

19  "Premises liability is grounded in the possession of the premises

20  and the attendant right to control and manage the premises;

21  accordingly, mere possession with its attendant right to control

22  conditions on the premises is a sufficient basis for the

23  imposition of an affirmative duty to act."  <u>Id.</u> (internal

24  quotation marks omitted).  "[C]ontrol is defined as the power to

25  prevent, remedy or guard against the dangerous condition."

26  <u>Colonial Van & Storage, Inc. v. Super. Ct.</u>, 76 Cal. App. 5th 487,

27  497 (2d Dist. 2022) (internal quotations and citations omitted).

28  The defendant must also have actual or constructive knowledge of

1   the dangerous condition.  <u>Ortega v. Kmart Corp.</u>, 26 Cal. 4th

2   1200, 1206 (Cal. 2001).

3         In arguing that defendant Fong was fraudulently joined,

4   defendant makes various factual allegations pertaining to the

5   slip-and-fall incident, including (1) "[t]here was no failure to

6   develop appropriate safety procedures" at that Costco location;

7   (2) defendant Fong's "job responsibilities do not include picking

8   up empty pallets [like the one plaintiff allegedly tripped on] or

9   overseeing the employees who do"; (3) defendant Fong lacked

10  actual notice of the allegedly dangerous condition and was not

11  present on the premises at the time of plaintiff's injury; and

12  (4) plaintiff's actions contributed to his injury.  (<u>See</u> Opp'n at

13  6-8.)  Defendant Fong provides a declaration in support of these

14  allegations.  (<u>See</u> Docket No. 6-5.)

15        These arguments fail for multiple reasons.  First, a

16  self-serving declaration written by the defendant in question

17  hardly qualifies as the "extraordinarily strong evidence"

18  required to prove fraudulent joinder.  <u>See</u> <u>Grancare</u>, 889 F.3d at

19  548.  This declaration does not provide sufficient evidence to

20  conduct a "summary inquiry" that resolves in defendant's favor,

21  which "itself points to an inability of the removing party to

22  carry its burden."  <u>See</u> <u>Allen</u>, 784 F.3d at 634 (citing <u>Hunter</u>,

23  582 F.3d at 1044).  Second, defendants' arguments would require

24  the court to engage in a "searching inquiry into the merits of

25  the plaintiff's case," which is inappropriate when considering

26  fraudulent joinder.  <u>See</u> <u>Grancare</u>, 889 F.3d at 548-49.

27        Defendant has not provided strong evidence or cited any

28  authority suggesting that plaintiff could not possibly prevail

5

against defendant Fong on a premises liability claim.  To the
contrary, "[c]ourts have specifically allowed a plaintiff to
bring . . . premises liability claims against store managers in
situations similar to the instant [a]ction." See, e.g., Thomas
v. WalMart Stores, Inc., No. 18-cv-03422 RSWL SK, 2018 WL
3046967, at *4 (C.D. Cal. June 19, 2018) (citing Trujillo v.
Target Corp., No. 17-cv-06429 VAP GJS, 2017 WL 4864490, at *5
(C.D. Cal. Oct. 26, 2017); Revay v. Home Depot U.S.A., Inc., No.
2:14-cv-03391 RSWL AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19,
2015)) (rejecting fraudulent joinder argument and remanding slip-
and-fall premises liability case brought against WalMart store
manager).  See also, e.g., Nieves v. Costco Wholesale Corp., No.
3:22-cv-00977 JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022)
(rejecting fraudulent joinder argument and remanding slip-and-
fall premises liability case brought against Costco store manager
who was not present in the store on the day of the alleged
injury); Dirkes v. Sam's W., Inc., No. 2:22-cv-03466 JLS MAR,
2022 WL 17098672, at *5 (C.D. Cal. Sept. 7, 2022) ("As the
analyses in similar cases recognize, it is plausible that [the
defendant] may be liable for . . . premises liability as a store
manager.").

Based on the argument and evidence presented by
defendant, the court cannot conclude that there is no possibility
that defendant Fong may be liable on a theory of premises
liability.  Accordingly, the court concludes that defendant Fong
was not fraudulently joined, and therefore complete diversity is
lacking.  Defendant has thus failed to overcome "both the strong
presumption against removal jurisdiction and the general

1   presumption against fraudulent joinder."  See Hunter, 582 F.3d at

2   1046 (internal quotation marks omitted).

3   II.  Attorneys' Fees

4           Plaintiff requests that the court award him attorneys'

5   fees and costs incurred in filing this motion pursuant to 28

6   U.S.C. § 1447(c).  "Absent unusual circumstances, courts may

7   award attorney's fees under § 1447(c) only where the removing

8   party lacked an objectively reasonable basis for seeking

9   removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141

10  (2005).

11          Here, defendants failed to cite any relevant evidence

12  or legal authority that supported removal.  Further, there are

13  numerous cases that have rejected nearly identical fraudulent

14  joinder arguments involving store managers in slip-and-fall

15  premises liability cases; at least one of those cases involved

16  defendant Costco.  See Nieves, 2022 WL 5199904, at *2.

17  Accordingly, the court concludes that defendants lacked an

18  objectively reasonable basis for seeking removal and will grant

19  plaintiff's request for attorneys' fees.  See Grancare, 889 F.3d

20  at 552 (affirming district court's grant of attorneys' fees

21  following remand where defendant's fraudulent joinder argument

22  lacked reasonable support in district court case law); Hung Duong

23  v. ITT Educ. Servs., Inc., No. 1:14-cv-01257 AWI SA, 2014 WL

24  4634998, at *7 (E.D. Cal. Sept. 10, 2014) (awarding attorneys'

25  fees where Defendant argued fraudulent joinder but "identified no

26  cases which counter Plaintiff's cases, meaning the weight of

27  authority was firmly against Defendants' position").

28          Plaintiff requests $2,563 in attorneys' fees and costs.

1  This figure results from 9 attorney hours billed at a rate of

2  $275, plus $88 in travel costs.  Defendants do not dispute that

3  the number of hours or rate requested are reasonable.

4        Based on the court's experience, the amount requested

5  appears reasonable.  See Oth Ingram v. Oroudjian, 647 F.3d 925,

6  928 (9th Cir. 2011) (in determining what constitutes a reasonable

7  attorneys' fee, district courts may rely on "their own knowledge

8  of customary rates and their experience concerning reasonable and

9  proper fees").  See also, e.g., Siafarikas v. Mercedes-Benz USA,

10 LLC, No. 2:20-cv-01784 JAM AC, 2022 WL 16926265, at *3 (E.D. Cal.

11 Nov. 14, 2022) (approving hourly rates ranging from $250 to

12 $500); Hung Duong, 2014 WL 4634998, at *8 (granting $2,605 in

13 attorneys' fees and costs associated with motion to remand

14 following defendant's removal based on fraudulent joinder, based

15 on 8.4 hours of attorney work and $85 in costs).

16        IT IS THEREFORE ORDERED that plaintiff's motion to

17 remand and for attorneys' fees (Docket No. 5) be, and the same

18 hereby is, GRANTED.  This case is hereby REMANDED to the Superior

19 Court of the State of California, in and for the County of San

20 Joaquin.  Plaintiff is awarded $2,563 in attorneys' fees and

21 costs.

22 Dated: May 7, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE